UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANET FLEGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| COMMUNITY HEALTH NETWORK INC., d/b/a COMMUNITY HOSPITAL EAST, | ) ) ) | 1:13-cv-0286 LJM -DML |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Janet Flegel ("Flegel"), brings this action against Defendant, Community Health Network, Inc., d/b/a Community Hospital East ("Defendant"), for unlawfully violating her rights as protected by the Americans with Disabilities Act ("ADA"), as amended, the Age Discrimination in Employment Act ("ADEA"), and retaliation.

### II. Parties

2. Flegel has resided within the Southern District of Indiana at all relevant times.

3. Defendant has maintained one or more offices in and conducts business within the Southern District of Indiana.

### III. Jurisdiction and Venue

4.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117, 29 U.S.C. § 626, and 28 U.S.C. § 1343.

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6.      Flegel, at all relevant times, has been an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Flegel is a qualified individual with a disability as that term is defined by 42 U.S.C. § 12102. At all relevant times, Flegel was a qualified individual with a disability, Defendant perceived Flegel as being disabled, and/or Flegel had a record of being disabled.

8.      Flegel satisfied her obligation to exhaust her administrative remedies having timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination and retaliation. Flegel received her Notice of Suit Rights and files the instant matter within ninety (90) days of receipt thereof.

9.      All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus, venue is proper in this court.

### IV. Factual Allegations

10.     Flegel suffers from otosclerosis. This condition is an abnormal growth of bone near the middle of the ear, which, as in Flegel's case, can result in hearing loss.

11. Defendant hired Flegel in or about 1986 as a Registered Nurse. Since that time, she worked in various Registered Nurse positions for Defendant.

12. Flegel was born in 1954 and was fifty-seven (57) at the time Defendant terminated her employment.

13. During the time period at issue, Flegel was working in a Registered Nurse position that required her to take orders over a phone. Due to Flegel's disability, hearing clearly over the phone was difficult for her.

14. At all relevant times, Flegel met or exceeded Defendant's legitimate expectations of performance.

15. One or more of Defendant's employees, aged approximately in their 20's and 30's, were put in charge of Flegel, despite Flegel having many more years of experience.

16. One or more of Defendant's agents were aware of Flegel's disability. Flegel requested a reasonable accommodation to one or more of Defendant's agents, for the first time, in or about July 2010.

17. In or about July 2010, Flegel was sent to Human Resources to address her request for an accommodation. She was told by one or more of Defendant's agents to "find another job."

18. Thereafter, Human Resources sent Flegel for an evaluation by Employee Health in or about July 2010. The Employee Health Physician gave Flegel a note with "no phone work" under the restrictions section.

19. Flegel requested reasonable accommodations concerning her disability in that these proposed restrictions would be followed by Defendant.

20. Defendant never provided Flegel with any accommodations, and she was required to continue using the phone to take orders.

21. In or about April of 2011, Flegel again requested a reasonable accommodation to one or more of Defendant's agents. She never received a response.

22. During approximately the next fifteen (15) months, Flegel was written up for offenses that were common practice among other Registered Nurse employees of Defendant. Other Registered Nurses were not written up for the same offenses.

23. In or about January of 2012, Flegel filed claims of discrimination, based on age and disability, with the EEOC.

24. From approximately 1/16/12 to 1/31/12, Flegel was off on FMLA due to anxiety and depression.

25. In or about May of 2012, Flegel was given an extremely poor yearly evaluation as compared to her previous evaluations conducted prior to her voicing her concerns regarding her difficulty using the phone, and prior to her filing claims of discrimination with the EEOC.

26. On or about July 3, 2012, Flegel was suspended without pay.

27. On or about July 9, 2012, Flegel filed a claim of retaliation with the EEOC.

28. On or about July 28, 2012, Defendant fired Flegel.

29. All reasons proffered by Defendant for adverse actions taken by it regarding Flegel's employment are pretextual.

30. Flegel has suffered injury as a result of Defendant's unlawful actions.

## V. Causes of Action

### COUNT I - DISABILITY DISCRIMINATION

31. Flegel hereby incorporates paragraphs 1-30 of her Complaint.

32. Defendant took adverse employment actions against Flegel based on her disability, her record of disability, and/or its perception of her being disabled.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Flegel's rights as protected by the ADA.

### COUNT II - AGE DISCRIMINATION

34. Flegel hereby incorporates paragraphs 1-33 of her Complaint.

35. Defendant discriminated against Flegel on the basis of her age.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Flegel's rights as protected by the ADEA.

### COUNT III - RETALIATION

37. Flegel hereby incorporates paragraphs 1-36 of her Complaint.

38. Flegel engaged in protected activity when she filed her claims of discrimination with the EEOC.

39. Defendant retaliated against Flegel for having engaged in the aforementioned protected activity.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Flegel's rights to participate in the aforementioned protected activity.

## VI. Requested Relief

WHEREFORE, Plaintiff, Janet Flegel, by counsel, respectfully requests that this court find for her and order that:

1. Defendant reinstate Flegel to the same position, salary, and seniority, or pay front pay and benefits to Flegel in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Flegel;

3. Defendant pay liquidated damages to Flegel;

4. Defendant pay compensatory and punitive damages to Flegel;

5. Defendant pay pre- and post- judgment interest of Flegel;

6. Defendant pay Flegel's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Flegel any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*Ashley D. Marks*
Ashley D. Marks, #30009-49
Attorney for Plaintiff
CHARLES D. HANKEY LAW OFFICE
434 E. New York St.
Indianapolis, IN 46202
(317) 634-8565
(317) 634-6871 – FAX
adm@hankeylaw.com